UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON WHITE and CHARLIE MILLION,<br><br>          Plaintiffs,<br>   v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>          Defendants. | Case No. C 13-4969 KAW (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiffs Shannon White and Charlie Million, state prisoners incarcerated at Salinas Valley State Prison ("SVSP"), have filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of their constitutional rights by staff at SVSP. Plaintiffs have consented to the jurisdiction of the undersigned United States Magistrate Judge over this action. However, only Plaintiff White has filed a motion for leave to proceed *in forma pauperis* ("IFP") with a completed IFP application. His motion for leave to proceed IFP is granted in a separate order. Although Plaintiff Million has received notice that he must file an IFP application by January 13, 2014 or his case would be dismissed, he has not done so. Therefore, the claims brought in this case by Plaintiff Million are dismissed without prejudice to filing in another case.[1] The Court now addresses the claims asserted by Plaintiff White.

DISCUSSION

I.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

---

[1] Plaintiff Million's claims pertain to the failure of Defendants to provide him with a heart healthy diet and the negligent hiring of individuals who have deprived him of a heart healthy diet.

§ 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Caifornia Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633. Under no circumstances is there respondeat superior liability under § 1983. *Lemire*, 726 F.3d at 1074. Or, in layman's terms, under no circumstances is there liability under § 1983 solely because one is responsible for the actions or omissions of another. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984). A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012). It is insufficient for a plaintiff only to allege that supervisors knew about the constitutional violation and that they generally created policies and procedures that led to the violation, without alleging "a specific policy" or "a specific event" instigated by them that led to the constitutional violation. *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012).

## II. Plaintiff's Claims

Plaintiff White alleges the following. On April 10, 2013, Plaintiff White submitted a request for an interview regarding a "federal mandated transponder, and since Inmate Welfare Funds is paiding [sic] for Free Local Channels, then I should be ever [sic] to receive all 15 channels." He also requested that he be allowed to fundraise for more channels. He wants a transponder so he can receive channels from Digital TV because he is paying for bad service through DirecTV. He submitted more requests for interviews on this subject. On June 23, 2013, Plaintiff White filed a class action staff complaint on this subject. The complaint was rejected because inmates are not allowed to file group complaints. Plaintiff then filed a group appeal. This was rejected on the ground that it was untimely.

Based on these allegations, Plaintiff White brings the following class action claims: (1) a violation of First Amendment rights based upon the denial of Plaintiffs' rights to appeal and petition the government for redress of grievances; (2) a violation of Fourteenth Amendment Due Process rights based on the denial of Plaintiffs' rights to petition the government for redress of grievances; and (3) negligence based on "hiring violent and mentally unstable persons."

### A. Class Action Allegations

"[A] litigant appearing in propria persona has no authority to represent anyone other than himself." *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962). The allegations pertaining to a class action are dismissed because *pro se* prisoner-plaintiffs are not adequate class representatives able to fairly represent and adequately protect the interests of a class. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975).

### B. Exhaustion

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA") provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and not left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). Exhaustion is a prerequisite to all prisoner lawsuits concerning

3

prison life, whether such actions involve general conditions or particular episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Id.* (citation omitted). Because exhaustion under § 1997e(a) is an affirmative defense, a complaint may be dismissed for failure to exhaust only if failure to exhaust is obvious from the face of the complaint and/or any attached exhibits. *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003). The Court may dismiss a complaint for failure to exhaust where the prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." *Id.* at 1120.

Although Plaintiff White attaches documents to his complaint showing that he filed administrative appeals regarding his television service, he does not attach administrative appeals regarding the claims he asserts in his complaint, namely First and Fourteenth Amendment claims based on the denial of the right to petition the government for redress of grievances. Thus, it appears that these claims are not administratively exhausted. Ordinarily, dismissal for lack of exhaustion would be with leave to amend. However, as discussed below, these claims are dismissed for other reasons for which leave to amend is not appropriate.

C. Claims regarding Denial of Right to Appeal and to Redress Grievances

The failure to grant an inmate's appeal in the prison administrative appeal system does not amount to a due process violation. There is no federal constitutional right to a prison administrative appeal or grievance system for California inmates. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The denial of an inmate appeal is not so severe a change in condition as to implicate the Due Process Clause itself and the State of California has not created a protected interest in an administrative appeal system in its prison. California's regulations grant prisoners a purely procedural right: the right to have a prison appeal. *See* CAL. CODE REGS. tit. 15, §§ 3084-3084.9 (2014). A provision that merely provides procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty

4

1  interest. *See Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993); *see also Antonelli*, 81 F.3d at
2  1430 (prison grievance procedure is procedural right that does not give rise to protected liberty
3  interest requiring procedural protections of Due Process Clause). As such, Plaintiff White has no
4  federal constitutional right to a properly functioning appeal system. An incorrect decision on an
5  administrative appeal or failure to process the appeal in a particular way does not amount to a
6  violation of his right to due process. Therefore, Plaintiff White's due process claim based on the
7  denial of his appeals regarding adequate television stations is dismissed.

8      Under the First Amendment to the United States Constitution, prisoners have the right to
9  access to the courts and the right to petition the government for a redress of grievances. *Bounds v.*
10 *Smith*, 430 U.S. 817, 821 (1977). The right of meaningful access to the courts extends to
11 established prison grievance procedures. *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995);
12 *accord Hines v. Gomez*, 853 F. Supp. 329, 331-32 (N.D. Cal. 1994). However, a cognizable First
13 Amendment claim requires that the plaintiff have standing, which requires that he have an actual
14 injury. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1244 (9th Cir. 2013). "For there to be a judicially
15 cognizable injury, 'the party before [the court] must seek a remedy for a personal and tangible
16 harm.'" *Id.* (citing *Hollingsworth v. Perry*, 133 S. Ct. 2652, 2661 (2013)). Under the First
17 Amendment, a prisoner has the right "to pursue legal redress for claims that have a reasonable
18 basis in law or fact." *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011).

19     Plaintiff White alleges that his right to petition the government for redress of grievances
20 was violated because his grievances regarding inadequate television stations were denied.
21 However, the Constitution does not protect access to television stations. The fact that Plaintiff's
22 appeals regarding television stations were denied did not result in actual injury because he could
23 not have submitted a cognizable federal claim based on those appeals. Thus, Plaintiff's First
24 Amendment claim must be dismissed because he fails to allege an actual injury.

25     Because the deficiencies regarding Plaintiff's Fourteenth and First Amendment claims
26 would not be cured by the allegation of additional facts, dismissal is without leave to amend. *See*
27 *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (leave to amend may be
28 denied if amendment would be futile); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)

United States District Court
Northern District of California

1  (amendment would be futile when complaint cannot be cured by allegation of other facts).

2  Plaintiff's claim must be dismissed for another reason. He names eleven defendants, including Governor Edmund G. Brown, Jr., but he does not indicate how they violated his First Amendment rights. As stated above, under § 1983, liability may be imposed on an individual defendant only if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemir*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer*, 844 F.2d at 634 (9th Cir. 1988). Under no circumstances is there liability under § 1983 solely because one is responsible for the actions or omissions of another. *Taylor*, 880 F.2d at 1045. Thus, Plaintiff's claim also must be dismissed because he does not allege how the individuals he names have violated his First Amendment rights.

For all these reasons, Plaintiff's claims based on the redress of grievances are dismissed. Dismissal is without leave to amend because amendment would be futile.

### D. Negligence Based on Hiring Violent Persons

As the basis for this claim, Plaintiff White alleges, "Defendants, individually and in concert with each other, have deprived Plaintiffs out [sic] of their constitutional rights by failing to obey their own policies and procedures. The above-listed Defendants acted under pretense and color of law . . . but Defendants' actions were beyond the scope of their jurisdiction and without the authority of law. As a direct result of Defendants' negligence, Plaintiffs has [sic] been damaged in the amount to be proven at trial." Comp. ¶ 71-73.

Although it is difficult to understand exactly what Plaintiff White is alleging in this claim, it appears to relate back to his constituional claims based on lack of access to adequate television stations and is not about the "hiring of violent persons." As discussed above, Plaintiff White's allegations of constitutional violations based on his lack of access to adequate television stations fail to state cognizable claims. Therefore, Defendants' alleged failure to obey "policies and procedures" regarding Plaintiff's access to television stations does not violate his constitutional rights. Accordingly, this claim is not cognizable either as a constitutional claim or a negligence claim and it is also dismissed without leave to amend.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff Million's claims are dismissed without prejudice to filing in another complaint. If Plaintiff Million files another complaint, he shall file a completed IFP application with it.

2. The class action allegations are dismissed.

3. Plaintiff White's claims are dismissed without leave to amend.

4. The Clerk of the Court shall enter a separate judgment and close the file.

IT IS SO ORDERED.

Dated:  4/2/14

_____
KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE